UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISTELA VALENCIA,

   Plaintiff,            Hon. Robert J. Jonker

v.                  Case No. 1:17-cv-628

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). Defendant asserts that the Court lacks jurisdiction over this matter. Plaintiff has failed to respond to Defendant's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## ANALYSIS

   Sometime prior to March 24, 2006, Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (ECF No. 13-1 at PageID.108). To receive DIB benefits, Plaintiff had to establish that she was disabled prior to June 30, 2005, the date on which her insured status expired. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). On March 24, 2006, an Administrative Law Judge denied Plaintiff's application for benefits. (ECF No. 13-1 at PageID.108). The Appeals Council declined to review the ALJ's decision and Plaintiff did not pursue the matter further. (ECF No. 13-1 at

PageID.108). Thus, the issue of Plaintiff's disability through the expiration of her insured status was adjudicated to finality.

On August 8, 2014, Plaintiff again filed for DIB benefits alleging that she had been disabled since November 4, 1999. (ECF No. 13-1 at PageID.87). Plaintiff's application was denied on the ground that the previous decision denying Plaintiff's claim for DIB benefits "covered the same issues as this claim." (ECF No. 13-1 at PageID.89). Plaintiff's subsequent request for reconsideration of this determination was denied. (ECF No. 13-1 at PageID.92-96). Plaintiff then requested a hearing before an Administrative Law Judge. (ECF No. 13-1 at PageID.97). In a decision dated August 21, 2015, ALJ Donna Grit denied Plaintiff's request for hearing. (ECF No. 31-1 at PageID.108-09). In relevant part, the ALJ stated:

> An Administrative Law Judge may dismiss a request for hearing if the doctrine of *res judicata* applies. *Res judicata* applies when the Social Security Administration has made a previous determination or decision involving the claimant's rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action (20 CFR 404.957(c)(1)).
>
> The record shows that the claimant previously filed an application for a period of disability and disability insurance benefits that was denied in an Administrative Law Judge decision dated March 24, 2006. This decision, which was issued after the claimant's insured status expired on June 30, 2005, became administratively final when the Appeals Council declined to review the March 24, 2006 Administrative Law Judge decision and the claimant did not request review of the August 10, 2006 Appeals Council action within the stated time period.
>
> The undersigned has considered whether the March 24, 2006 decision issued should remain final and finds no reason why it should not. In this regard, the deadline for requesting review of the Appeals Council action should not be extended under Social Security Ruling 91-5p because the claimant had a representative at the time of the previous decision. Additionally, none of the

> conditions for reopening set forth in 20 CFR 404.988 is present in this case. Accordingly, the previous decision of March 24, 2006 remains final and binding.

(ECF No. 13-1 at PageID.108).

An ALJ "may apply the doctrine of administrative *res judicata* to dismiss a hearing request where a prior decision was made about Plaintiff's "rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administration or judicial action." *Hester v. Commissioner of Social Security*, 2008 WL 4104323 at *1 (E.D. Mich., Aug. 29, 2008) (quoting 20 C.F.R. § 404.957(c)(1)). The application of res judicata is considered a refusal by the Commissioner to reopen a previous application for benefits. *Ibid*.

While this Court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing," the decision by the Commissioner to not reopen a case "is not a final decision of the Commissioner" and, therefore, is not within this Court's jurisdiction. *Ibid.*; *see also*, *White v. Commissioner of Social Security*, 37 Fed. Appx. 197, 198 (6th Cir., June 14, 2002) (same); *Collins v. Berryhill*, 2017 WL 5501496 at *1 (E.D. Mich., Nov. 16, 2017) (same). There exists an exception to this rule where a claimant alleges a colorable constitutional claim. *See White*, 37 Fed. Appx. at 198. Plaintiff, however, advances no such claim. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted on the ground that this Court lacks jurisdiction to hear this matter.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Complaint, (ECF No. 13), be **granted** and this action **terminated**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: January 17, 2018                                                      /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge